# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ADRIANO KRUEL BUDRI | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-2302-S-BT |
| | § | |
| FIRSTFLEET INC. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Adriano Kruel Budri seeks leave to file a new complaint against FirstFleet, Inc., pursuant to a sanction order requiring the Clerk of Court to reject filings from him "unless such filing is approved by a judicial officer of the United States District Court for the Northern District of Texas." *See* Order, *Budri v. FirstFleet Inc.*, No. 3:21-CV-1872-L-BT (N.D. Tex. Nov. 30, 2021), ECF No. 100. The United States Magistrate Judge in the above-captioned case issued findings, conclusions, and a recommendation that Plaintiff not be granted leave of Court to file a new complaint. ECF No. 4. Plaintiff filed objections to the findings, conclusions, and recommendation, along with several other documents and motions. *See* ECF Nos. 5, 6, 7, 8, 10, 11, 12, 13.

The Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objections were made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. The Court briefly responds to Plaintiff's arguments below.

Plaintiff's proposed complaint seeks to upend the judgment against him in Case No. 3:21-CV-1872-L-BT. He argues that judgment is void because the Magistrate Judge granted an attorney leave to proceed pro hac vice, while Local Rule 83.9 only allows the "presiding" judge to grant

such motions. ECF No. 3 at 2. Plaintiff also contends that the pro hac vice application contained a misstatement of fact. *Id.* at 3.

The Magistrate Judge found that Plaintiff failed to show good cause to file a new complaint because the court already rejected his arguments in Case No. 3:21-CV-1872-L-BT, and Plaintiff's attempt to re-litigate them was an improper attempt to evade the sanction order. ECF No. 4 at 2. Further, Plaintiff's proposed complaint seeks to vacate the judgment in Case No. 3:21-CV-1872-L-BT, but this Court lacks jurisdiction to vacate another federal court's orders. *Id.* at 2-3 (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995); *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)).

Plaintiff fails to show error. Plaintiff argues that the Magistrate Judge improperly framed his proposed complaint as an attempted "end-run" around the sanction order in Case No. 3:21-CV-1872-L-BT. ECF No. 11 at 8. However, Plaintiff's proposed complaint raises the same arguments that he continuously raised in Case No. 3:21-CV-1872-L-BT, which eventually resulted in a pre-filing sanction against him. Allowing him to proceed with this new case would render that sanction order a nullity.

Next, Plaintiff argues that the Magistrate Judge improperly relied on *Celotex Corp.* and *Smalls* to conclude that the Court lacks jurisdiction to vacate another district judge's orders because those cases involved "improper collateral attacks launched across *separate* federal jurisdictions or *distinct* judicial tribunals." ECF No. 11 at 8-9. The Court disagrees. Federal Rule of Civil Procedure 60 generally allows a district judge to set aside his or her own judgment, not that of another district judge. *See, e.g.*, *Kanam v. Lewis*, No. C26-5303 BHS, 2026 WL 1895987, at *1 (W.D. Wash. June 30, 2026) ("A Rule 60 motion is properly directed to the Court that entered the subject judgment, in the case where it was entered."); *Chase v. Muniz*, No. 5:22-cv-193-MCR-

MD, 2022 WL 18108686, at *2 (N.D. Fla. Nov. 10, 2022) (adopted) ("One district court judge may not overturn or vacate an order entered by another district court judge in a separate case."); *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012) ("The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.").

Plaintiff references Rule 60(d)(1), which allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d)(1). But even if Rule 60(d)(1) allowed a federal judge to hear an independent action challenging a judgment that he or she did not enter, an independent action would be inappropriate here because "'[t]he independent action cannot be made a basis for the relitigation of issues' adjudicated by the judgment now sought to be annulled." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667-68 (5th Cir. 1981) (citation omitted). Again, Plaintiff already presented his improper pro hac vice admission arguments in Case No. 3:21-CV-1872-L-BT. *See, e.g.*, Order, *Budri v. FirstFleet Inc.*, No. 3:21-CV-1872-L-BT, ECF No. 106.

Next, Plaintiff continues to argue that the Magistrate Judge exceeded her authority in Case No. 3:21-CV-1872-L-BT by granting a pro hac vice application. ECF No. 11 at 9. But, as explained above, this is not a valid basis to bring a new civil action: the undersigned cannot vacate another judge's orders through a Rule 60 motion, and a Rule 60(d)(1) independent action is inappropriate.

Finally, Plaintiff argues that the Magistrate Judge in this case should have recused herself. ECF No. 11 at 10. Plaintiff's objections on this issue are meritless for the reasons set forth in the Magistrate Judge's order denying the recusal motion. *See* ECF No. 9.

Accordingly, Plaintiff's objections to the Findings, Conclusions, and Recommendation are

**OVERRULED**. Plaintiff's Motion for Leave to File a New Complaint Against FirstFleet, Inc. [ECF No. 3] is **DENIED**. Plaintiff's pending motions [ECF Nos. 7, 10, 12] are **TERMINATED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED.**

SIGNED August 21, 2026.

**UNITED STATES DISTRICT JUDGE**